FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 23 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

GEAN ANDERSON,

    Plaintiff,

v.

SALVATORE J. MODICA,

    Defendant.

------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-6990 (WFK)

**WILLIAM F. KUNTZ II, United States District Judge:**

Plaintiff, proceeding *pro se*, brings this action against the state-court judge, Salvatore J. Modica, who presided over the foreclosure action against her property located at 255-54 148th Avenue, Rosedale, New York in the Supreme Court of the State of New York, Queens County, Index number 17371/2009 ("Queens County foreclosure action"). She alleges the violation of her constitutional rights and seeks equitable relief. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

### BACKGROUND

The following facts are drawn from Plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff's property was foreclosed and auctioned pursuant to a judgment entered in the Queens County foreclosure action over which Defendant, the Honorable Salvatore J. Modica, presided. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 to challenge the state court's decisions as a violation of her rights under the First, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution. She seeks the following

1

declaratory[1] relief: (1) dismissal of the Queens County foreclosure action; and (2) removal of Defendant from the Queens County foreclosure action. Complaint, ECF No. 1 at 11. If she prevails, she intends to use declaratory relief she obtains to "impeach and remove" Defendant from his position and to seek federal criminal prosecution. *Id.* at 12.

## STANDARD OF REVIEW

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss a *pro se* complaint without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allanattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). Subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of

---

[1] She also "reserves the right to seek injunctive relief" if "this matter continues." Complaint, ECF No. 1 at 11.

their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) (noting that "[28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364. A cause of action is properly deemed frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

This complaint must be dismissed because it is "clear that the defendant [the Honorable Salvatore J. Modica] is immune from suit." *Montero*, 171 F.3d at 760; *see also Mireles v. Waco*,

3

502 U.S. 9, 11-12 (1991).

A plaintiff can overcome judicial immunity in only two circumstances: (1) suits regarding "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) suits regarding actions, though "judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12. To determine whether an act is "judicial," courts must first consider whether the function is "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Id.*

In this case, all the allegedly unconstitutional actions were undertaken by Justice Modica in the course of presiding over the Queens County foreclosure action. Making rulings is a paradigmatic function performed by judges. Moreover, at all times relevant to this action, Plaintiff was dealing with Defendant in his capacity as the judge presiding over her state-court foreclosure action. Finally, Defendant was within his jurisdiction as a Justice of the Supreme Court of the State of New York. Accordingly, the doctrine of judicial immunity provides an absolute defense to this action.

The fact that Plaintiff seeks declaratory relief in this case does not alter Defendant's entitlement to immunity. Although the judicially created doctrine of judicial immunity does not bar a claim for prospective injunctive relief against a judicial officer acting in his judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), Congress statutorily provided for such immunity by amending 42 U.S.C. § 1983 to provide in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996). Thus, the complaint is dismissed as frivolous because the

4

Defendant is absolutely immune from suit. *Fitzgerald*, 221 F.3d at 363-64; *Montero v. Travis*, 171 F.3d at 760.

The complaint does not allege a declaratory decree was ever entered or suggest that declaratory relief was unavailable. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Ashmore v. New York*, 12-CV-3032, 2012 WL 2377403, at *3 (E.D.N.Y. June 25, 2012) (Gleeson, J.) (quoting *LeDuc v. Tilley*, 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (citing cases).

Further, to the extent Plaintiff asks this Court to review and vacate the orders of the state court, those claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . [precludes a district court from hearing] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Thus, the complaint is also dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3).

The Court also notes it lacks the authority to impeach Justice Modica. *See* N.Y. Const. art. VI, §§ 22(a)(d); N.Y. Judiciary Law §§ 44(1), (7); *Gregory v. Ricigliano*, 12-CV-4372, 2014 WL 119475, at *8 (E.D.N.Y. Jan. 10, 2014) (Garaufis, J.) ("The power to impeach or otherwise discipline state court judges rests not with this court, but rather the New York State Commission on Judicial Conduct . . . .").

Finally, as to Plaintiff's contention she will seek federal criminal prosecution of Defendant, the Court informs Plaintiff a private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (noting "the decision to prosecute is solely within the

discretion of the prosecutor").

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and as frivolous because Defendant is absolutely immune from suit. *Fitzgerald*, 221 F.3d at 363-64; *Montero*, 171 F.3d at 760. The Court declines to afford Plaintiff a chance to amend her complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), because a review of the complaint finds Plaintiff has not adequately pleaded any potentially viable claims. Any state law claims are dismissed without prejudice. Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

s/WFK
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 22, 2019
    Brooklyn, New York

6